Filed 7/24/24  Arredondo v. Mitchell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANGEL ARREDONDO,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LANDON AUSTIN MITCHELL,<br><br>Defendant and Appellant. | F087214<br><br>(Super. Ct. No. 23CECG03900)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Robert M. Whalen, Judge.

Landon Austin Mitchell, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

Appellant Landon Austin Mitchell, in propria persona, appeals the entry of a civil harassment restraining order entered against him after a hearing on October 16, 2023, prohibiting him from contacting or coming within 100 yards of four named persons for five years.  The protected persons are Angel Arredondo, his fiancée, and his two minor

---

* Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

children. He contends on appeal (1) there was insufficient evidence that he harassed the protected persons and (2) the judge who presided over the hearing erred by failing to disqualify himself.[1] We affirm.

## BACKGROUND

The appellate record consists solely of the restraining order, the minute order from the hearing on the restraining order application, and the notice of appeal. No hearing transcript has been included. Also not included are any of the papers submitted in connection with the restraining order, including the petitioner's written application for a restraining order. The minute order shows that four people testified at the hearing, including Mitchell.

According to Mitchell's opening brief, he was arrested in September 2021 and charged with misdemeanor vandalism for vandalizing the property of one of the persons protected by the restraining order. The charge was dismissed on April 25, 2023. On September 23, 2023, Mitchell "distributed flyers to the residents" who lived on the same street as the protected persons, and distributed one to the protected persons' "residence." He does not describe the flyers' contents.

## DISCUSSION

**I.      Sufficiency of the evidence**

Mitchell first contends there is insufficient evidence that he harassed Arredondo or any of the other protected persons. However, the appellate record he has provided does not contain any of the evidence presented at the hearing, and thus we are unable to conduct a sufficiency of the evidence review. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [transcript or settled statement required to challenge sufficiency of the evidence].)

---

[1] The restraining order is appealable as an appeal from an order granting an injunction. (Code Civ. Proc., § 904.1, subd. (a)(6).)

A judgment or order appealed from is presumed correct (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609) and the record is presumed to contain evidence to support every finding of fact (*Marriage of Fink* (1979) 25 Cal.3d 877, 887). It is the appellant's burden to overcome this presumption and, for this purpose, he or she must provide an adequate record demonstrating the alleged error. (*Jameson,* at pp. 608–609.) Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

We reject Mitchell's sufficiency of the evidence claim.

## II.     Disqualification of judge

Mitchell also contends the order must be reversed because the judge who presided over the hearing, Judge Robert Whalen, was compelled to disqualify himself but did not. He asserts Judge Whalen had to disqualify himself under Code of Civil Procedure section 170.1, subdivision (a)(6)(A)(iii), which requires a judge to disqualify themselves when "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." He asserts the grounds for disqualification were not discovered until after the restraining order was entered. We reject this claim as not cognizable on appeal.

Mitchell attaches as exhibits to his opening brief printouts of what appear to be four social media posts for Judge Whalen's personal Facebook account from the years 2020 and 2021. He admits these are "new exhibits" which were not discovered until after the trial court proceedings concluded.[2] He contends Judge Whalen's statements in the Facebook posts demonstrate a "condemnation" of "cancel culture." Mitchell also admits

---

[2] California Rules of Court, rule 8.204(d) permits a party filing a brief to attach copies of "exhibits or other materials *in the appellate record*." (Italics added.) As these exhibits were not filed or lodged in the trial court or received in evidence or rejected by the trial court, there is no way they even could have been included in the appellate record. (Rules 8.120(a), 8.122(a)(3), 8.224.)

he distributed flyers to Arrendondo's neighbors to "shame" Arredondo for his "wrongdoing" and encourage his neighbors to "ostracize [him]." He contends these actions are "the essence of cancel culture." He thus asserts Judge Whalen's "numerous public condemnations of cancel culture" could cause a person to entertain a reasonable doubt as to whether Judge Whalen could be fair to a person who has engaged in cancel culture. He states he did not discover the Facebook posts and thus the grounds for disqualification until after the lower court proceedings were concluded and would have moved for disqualification under Code of Civil Procedure section 170.6 had he known.

Mitchell's claim that the restraining order must be reversed for Judge Whalen's failure to disqualify himself is not cognizable on appeal because its factual basis is not based in the appellate record. (*Chaganti v. Superior Court* (2021) 73 Cal.App.5th 237, 247 [a direct appeal is limited to the appellate record].) Indeed, Mitchell admits he did not discover the factual basis for disqualification until after the restraining order was entered. This does not necessarily mean Mitchell is foreclosed from bringing this claim before a court. It is just that he cannot assert it in this direct appeal from the restraining order.

## DISPOSITION

The restraining order is affirmed.

4.